# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>             v.<br><br>DENNIS JHU,<br>    Defendant. | CV 19-9868 DSF<br>CR 17-382 DSF<br><br>Order DENYING Motion for Reconsideration (Dkt. No. 4) |

Defendant has moved for reconsideration of the Court's order denying his motion under 28 U.S.C. § 2255 as untimely.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Defendant offers four reasons that his motion was timely: (1) new case law, (2) that he "has not been afforded an adequate nor effective remedy under appeal to date in order to properly challenge his sentence nor the legality of his detention", (3) a need for review of his case "given the large disparity in sentence which provided defendant/movant with an unfair sentence", and (4) that his case "is one of the few which is ripe for review" regarding issues Defendant wishes to raise.

Defendant's third and fourth reasons are categorically not grounds for avoiding the normal one-year limitations period from the date a defendant's conviction becomes final. The third reason suggests that the limitations period should be waived in especially meritorious cases, which is not one of the exceptions to the one-year limitations period. Defendant's fourth reason relies on an implicit ability of the Court to waive the limitations period for prudential reasons. The Court has no such authority.

The first two reasons could provide grounds for avoiding the one-year limit, but there is no indication that either would apply here. Defendant does not cite, either in the motion for reconsideration or in the initial motion, any new Supreme Court case law that provides a newly recognized right made retroactive on collateral review by the Supreme Court. 28 U.S.C. § 2255(f)(3). Nor does he provide any evidence of an impediment to the filing of his motion "created by governmental action in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(f)(2).

The motion for reconsideration is DENIED. The Court declines to issue a certificate of appealability because reasonable jurists would not dispute that "the district court was correct in its procedural ruling" on the timeliness issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

Date: April 14, 2020

*Dale S. Fischer*
Dale S. Fischer
United States District Judge