# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br><br>               v.<br><br>DENNIS JHU,<br>       Defendant. | CR 17-382 DSF<br><br>Order DENYING Motion to Reconsider (Dkt. 57) |

    On May 7, 2020, the Court stayed Dennis Jhu's "emergency request" because Jhu had failed to exhaust his administrative remedies. (The government had opposed the motion based on lack of exhaustion and on the merits.) Because it appeared that Jhu had not yet supplemented his motion to indicate that he had exhausted his remedies, on July 10, 2020, the Court denied the motion without prejudice.

    On July 20, Jhu's "Motion for Emergency Release," was docketed and on August 3, 2020, his "Motion to Reconsider" was docketed. Nothing in either motion addressed the merits issues raised by the government. For the reasons stated in the government's response to the emergency request, dkt. 50, the Court denied both motions.

    On September 10, 2020, Jhu filed a document titled "Notice of Non-Delivery of Court's Action/Order. Motion to Provide New Evidence/Notices to Court." He stated "[n]o remedies of any kind

are being processed at Mendota-FCI," "COVID-19 is here," and new rulings and cases have addressed "this same situation."

18 U.S.C. § 3582(c)(1)(A)(i) provides in part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction." United States v. Greenhut, No. 18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

The Court "cannot assume that the Bureau of Prisons will be unable to manage [any] outbreak or adequately treat [Jhu] should it emerge at his correctional facility while he is still incarcerated." United States v. Gileno, 448 F. Supp. 3d 183, 188 (D. Conn. 2020). Jhu's proclamation that "COVID-19 is here" does not compel release, or even suggest that Jhu should be released. In any event, at present there is no inmate who currently test positive at FCI Mendota.

Jhu does not contend that he is particularly susceptible to serious illness if he contracts COVID-19, but even if he were medically eligible for compassionate release, the Court must also consider the 3553(a) factors, 18 U.S.C. § 3582(c)(1)(A)(i), and should not reduce Jhu's sentence unless he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13; United States v. Applewhite, No. 6:08-CR-60037-MC, 2020 WL 137452, at *2 (D. Or. Jan. 13, 2020) (denying compassionate release based on danger for seriously ill 80-year-old model inmate).

On November 27, 2017, Jhu was sentenced to 78 months in prison for bank fraud by executing and attempting to execute a scheme to defraud multiple banks by fraudulently obtaining multiple home equity lines of credit. He was ordered to pay restitution in the amount of $5,552,467. Jhu recruited more than four participants to engage in this scheme that he orchestrated and executed. He was the organizer or leader of the criminal activity that involved five or more participant or was otherwise extensive, earning him a role adjustment of plus four. During a recorded conversation with a confidential source, Jhu encouraged him/her not to cooperate with the FBI's investigation. Although Jhu later essentially disclosed the entire fraud, he then began avoiding the arrest and remained in the community for nine years.

Even if the only danger to the public is economic, that would still be sufficient grounds to deny compassionate release. See United States v. Reynolds, 956 F. 2d 192, 192 (9th Cir. 1992) (finding "danger may . . . encompass pecuniary or economic harm"). And even if the Court were to conclude that Jhu is no longer a danger to the community, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13, comment (n.3).

The Court concludes Jhu's continued incarceration is required to protect the public, to promote respect for the law, to provide just punishment, and to afford adequate deterrence to criminal conduct.[1] For these and the other reasons stated by the government, the Court denies the motion.

IT IS SO ORDERED.

Date: October 29, 2020

Dale S. Fischer
United States District Judge

---

[1] Of course, even if the Court were to find Jhu eligible for compassionate release, it still has discretion to deny the motion. United States v. Rodd, 966 F.3d 740, 747 (8th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693-94 (5th Cir. 2020).